Houghton *v.* Nash.

———— ◆◆ ————

64 477
88 509

JAMES HOUGHTON *et als. vs.* JOHN B. NASH.

*Contract—rescission of.*

One desiring to rescind a contract for fraud in its inception must restore to the other party any valuable article received as its consideration. In order to make an attempted rescission effectual the parties must be placed in *statu quo ante.*

ON EXCEPTIONS.

REPLEVIN of about twelve hundred dollars' worth of goods, which were purchased originally by the defendant of the plaintiffs, who now claimed the right to replevy them because of the insolvency of the vendee and of fraudulent representations by him as to his solvency and business standing and prospects which induced them to make the sale. The goods were bought about the middle

of October, 1870, and the writ of replevin bore date the first day of November following.

In part payment for these goods the buyer gave Houghton, Woods & Co., the plaintiffs, a draft payable to their order for nine hundred dollars, dated October 14, 1870, drawn by W. S. Nash, for J. B. Nash, upon Whitten, Burdett & Young, conditionally accepted "to be paid from first funds" in the hands of that firm, and upon which there was paid $225.95 on the last day of October, 1870, the day before this suit was brought. Neither this draft nor its proceeds were returned to the defendant before this present action was instituted. On the fourteenth of October, 1870, the plaintiffs wrote from their place of business . in Boston to that of the defendant in Yarmouth, inquiring about his means ; on the twenty-eighth day of October, he replied that he was badly involved, and they had better come down. In February, 1871, he was adjudged a bankrupt upon his own petition.

After the plaintiffs had drawn out their testimony, the presiding justice ruled that the action could not be maintained, and the plaintiffs excepted.

*T. B. Reed* for the plaintiffs.

*Cobb & Ray* for the defendant.

DICKERSON, J. The plaintiffs brought their action of replevin for the goods obtained of them through alleged fraudulent representations, in respect to the vendee's solvency without returning his order on a third party for money given for the goods when they were delivered. The law is too well settled to need the citation of authorities, that in order to rescind such a contract the vender must restore the vendee to his former condition by returning the consideration. The plaintiffs not having done this cannot maintain this action. *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.